FILED

2006 NOV 15  PM 1:58

CLERK US DIS..... COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LYNN J HUBBARD and BARBARA J. HUBBARD,<br><br>                                        Plaintiffs,<br><br>          vs.<br><br>ROSHAN L. GUPTA and SHEELA GUPTA dba GAS DEPOT STATION,<br><br>                                        Defendants. | CASE NO. 04cv2591-LAB (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CROSS MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiffs Lynn and Barbara Hubbard ("the Hubbards") have brought this action under Title III of the Americans with Disabilities Act and California state statutes. They allege that, during visits to the Gas Depot Station ("Gas Depot"), they encountered certain barriers that interfered with their ability to use the facilities there. Since their visit, they allege they have learned of other barriers that now deter them from returning.

Plaintiffs seek injunctive and declaratory relief, compensatory and punitive damages, and attorney's fees and costs. Both parties have demanded a jury. Plaintiffs and Defendants have filed cross Motions for Summary Judgment or in the Alternative Summary Adjudication.

## I.     FACTUAL BACKGROUND

Gas Depot is a gasoline station and convenience store located in Chula Vista, California. Plaintiffs allege they visited the Gas Depot on June 6, 2004, and again on September 11, 2004, where

they attempted to use the facilities. Plaintiffs allege they found certain barriers there related to paths and walkways leading to the facilities; the entrance to the facilities; parking; their ability to pump gas; the lack of restroom facilities; the public telephone; and the width of aisles and the height of tables and countertops in the convenience store. Plaintiffs allege they wrote to the management of Gas Depot, notifying them of the barriers, and requesting that the barriers be removed. After their visits, at the request of Plaintiffs' counsel, an architect visited Gas Depot in order to inspect the site. Plaintiffs allege they were then notified of additional barriers. They allege that these barriers deter them from returning to Gas Depot, and that if the barriers were removed, they would patronize Gas Depot.

Plaintiffs, who are in their eighties, allege they are disabled. They allege they suffer from a number of medical conditions, requiring them to use motorized wheelchairs and a mobility-equipped vehicle. They have submitted declarations stating that they both possess placards issued by the state of California identifying them as disabled. (Decl. of Lynn Hubbard in Supp. of Mot. for Summ. J., at 2; Decl. of Barbara Hubbard in Supp. of Mot. for Summ. J., at 2.)

Plaintiffs submit an architect's report, identifying alleged barriers, and estimating the cost to rectify them at $16,669. (Decl. of Reed Settle in Supp. of Mot. for Summ. J., at 4.) Plaintiffs have alleged that Gas Depot was modified after January 26, 1993, but Defendants contest this, contending that Gas Depot was completed on February 3, 1970, and has never been altered or structurally repaired.

Defendant denies that Plaintiffs are disabled, or that they have suffered actual injury. Defendant contends that the alleged barriers do not deter Plaintiffs from patronizing Gas Depot, and that removal of the alleged barriers is not readily achievable because of the cost in relationship to the budget of Gas Depot. Defendants counter that removal of the alleged barriers is readily achievable in view of their estimate of the equity value of the Gas Depot facilities and Defendants' financial holdings in addition to Gas Depot.

II.     DISCUSSION

In their respective Motions, the parties seek summary judgment as follows. Defendants have moved for summary judgment on the issues of whether Plaintiffs have suffered an injury in fact, whether Plaintiffs are disabled for purposes of ADA or state law claims, and whether the California

/ / /

- 2 -

1  Health & Safety Code's provisions apply to the facility at issue here.  A grant of summary judgment

2  on either of the first two issues would result in a grant of summary judgment as to all claims.

3          Plaintiffs seek a grant of summary judgment on all their claims; or in the alternative, on the

4  issues of whether the alleged barriers constitute barriers under the ADA, whether Defendants failed

5  to remove barriers they were required to remove, whether Plaintiffs are disabled, whether Gas Depot

6  is a place of public accommodation, and whether Plaintiffs are deterred from making use of Gas

7  Depot's accommodations because of their knowledge of barriers there.  Plaintiffs contend their Unruh

8  Act and Disabled Persons Act claims are wholly predicated on their ADA claims, and if summary

9  judgment is granted on their ADA claims, it should likewise be granted on their state law claims.

10  Although Plaintiffs mention other issues, *e.g.*, in their respective Oppositions or Replies, the Court

11  holds that they have not adequately raised them, and construes the cross Motions as limited to these

12  issues.

13          **A.  Plaintiffs' Claims**

14          Plaintiffs bring claims under Title III of the Americans with Disabilities Act, as well as under

15  several California state provisions:  California's Unruh Civil Rights Act, Cal. Civ. Code § 51; the

16  Disabled Persons Act, Cal. Civ. Code § 54; and several sections of the California Health & Safety

17  Code §§ 19955, *et seq.*  The Unruh Civil Rights Act and the Disabled Persons Act incorporate ADA

18  standards.  Cal. Civ. Code §§ 51(f), 54.1(d).

19          The Court has jurisdiction over Plaintiffs' ADA claims pursuant to 28 U.S.C. § 1331; and,

20  because they arise from the same nucleus of operative fact, over Plaintiffs' state law claims pursuant

21  to 28 U.S.C. § 1367.

22          **B.  Summary Judgment**

23          Federal Rule of Civil Procedure 56(c) empowers the Court to enter summary judgment on

24  factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive

25  determination of every action."  *Celotex Corp. v.Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary

26  judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on

27  file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

28  ///

1  that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin*

2  *v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

3        Where the plaintiff bears the burden of proof at trial, summary judgment for the defendant is

4  appropriate if the defendant shows that there is an absence of evidence to support the plaintiff's claims.

5  *See Celotex*, 477 U.S. at 325; *see also Garneau v. City of Seattle*, 147 F.3d 802, 807 (9th Cir. 1998).

6  The movant has the initial burden of demonstrating that there is no issue of material fact and that

7  summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Arpin*, 261 F.3d

8  at 919. The movant is not required to produce evidence showing the absence of a genuine issue of

9  material fact, nor is he or she required to offer evidence negating the non-movant's claims. *Lujan v.*

10  *Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d

11  1539, 1542 (9th Cir. 1989).

12        If the movant met his or her burden, the burden then shifts to the non-movant to show that

13  summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The non-movant does not meet this

14  burden by showing "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd.*

15  *v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The "mere scintilla of evidence in support of the

16  non-moving party's position is not sufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

17  (1986). Accordingly, the non-moving party cannot oppose a properly supported summary judgment

18  motion by "rest[ing] on mere allegations or denials in his [or her] pleadings." *Id.* at 256. The non-

19  movant must go beyond the pleadings to designate specific facts showing that there are genuine factual

20  issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor

21  of either party." *Id.* at 250.

22        In considering the motion, the non-movant's evidence is to be believed and all justifiable

23  inferences are to be drawn in his or her favor. *Anderson*, 477 U.S. at 255. Determinations regarding

24  credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and

25  are not appropriate for resolution by the court on a motion for summary judgment. *Id.*

26      **B. Whether the Hubbards Are Disabled**

27        Under the ADA, a person with a disability is someone who has a physical or mental

28  impairment that substantially limits one or more of his or her major life activities. 42 U.S.C.

- 4 -

04CV2591-LAB (POR)

1   § 12102(2)(A).  Under the Unruh Civil Rights Act, a person is disabled if he or she has any of certain

2   enumerated conditions, or a condition affecting one or more of certain major body systems and

3   limiting a major life activity.  Cal. Civ. Code § 51(e)(1) (citing Cal. Govt. Code §§ 12926 and

4   12926.1).  The Disabled Persons Act similarly defines disability.  Cal. Civ. Code § 54(b)(1) (citing

5   Cal. Govt. Code § 12926).

6        Defendants point out that the only evidence Plaintiffs submitted was their own declarations that

7   they suffer from various conditions, that they possess state-issued placards stating they are disabled,

8   and that they are therefore disabled.  Defendants contend that, under Fed. R. Evid. § 701 and 702,

9   Plaintiffs are not qualified to testify to the legal conclusion that they suffer from specific medical

10  conditions or that they are disabled.  Plaintiffs point to their own declarations.  Both Plaintiffs declare

11  that they suffer from physiological conditions that affect major life activities.  (Decl. of Barbara

12  Hubbard in Support of Mot. for Summ. J., at 2 ("I suffer from multiple conditions that affect one or

13  more major life functions."); Decl. of Lynn Hubbard in Support of Mot. for Summ. J., at 2 (same).)

14  The Court agrees that these portions of Plaintiffs' declarations are conclusory and that this portion of

15  the proffered evidence cannot support Plaintiffs' claims.

16       In support of their motion for summary judgment, Plaintiffs have submitted declarations

17  regarding their individual medical conditions.  Barbara Hubbard declares that she suffers from

18  hypertension, degenerative joint disease, and hearing loss. (Decl. of Barbara Hubbard in Supp. of Mot.

19  for Summ. J., at 2.)  She declares that she must use a wheelchair and mobility-equipped vehicle, and

20  that she possesses a state-issued placard identifying her as disabled.  (*Id.*) Lynn Hubbard declares that

21  he has had bypass surgery, he has a pacemaker, there is evidence of heart failure, and he has

22  degenerative osteoarthritis.  (Decl. of Lynn Hubbard in Supp. of Mot. for Summ. J., at 2.)  He also

23  declares that he must use a wheelchair and mobility-equipped vehicle, and that he possesses a state-

24  issued placard identifying him as disabled.  (*Id.*)

25       In their declarations in opposition to Defendant's Motion for Summary Judgment, Plaintiffs

26  are more specific, and add facts.  Barbara Hubbard declares that she suffers from hypertension, severe

27  degenerative joint disease, poor hearing, osteoarthritis in both knees and in other parts of her body,

28  cataracts, and unspecified pulmonary disease; and that she has been treated for cancer.  (Decl. of

1  Barbara Hubbard in Opp'n to Mot. for Summ. J., at 2.)  She declares that she was using an assistive
2  device to help her walk, and that her condition has worsened to the point that she can no longer walk
3  or stand.  (*Id.*)  Lynn Hubbard declares that he has an "arthritic aortic aneurism" [*sic*], he has sustained
4  compression fractures to his spine, and he was diagnosed with "lumbar spine degenerative disc
5  disease."  (Decl. of Lynn Hubbard in Opp'n to Mot. for Summ. J., at 2.)

6      Defendant points out that Barbara Hubbard does not drive nor does she attempt to pump gas
7  or service the vehicle in which she rides; therefore, barriers pertaining to driving are inapplicable to
8  her claims. (Deposition Tr. of Barbara Hubbard, April 25, 2006 ("Barbara Hubbard Tr.") at 23:11–13
9  ("If I had to pump gas there, I couldn't.  I don't drive now, though, so that's not a problem at this
10  point."); 31:1–5 ("Q.  You never attempted to put air in the tires or put water in the car or do any of
11  the sort of gas station maintenance?  A.  I didn't drive so I would not have done those things.")
12  Barbara Hubbard only got out of the vehicle once at Gas Depot, to buy tea at the convenience store.
13  (*Id.* at 25:2–9.)

14      Defendant points to deposition testimony in which Lynn Hubbard appears to contradict his
15  specific claims of medical diagnosis and disability, or at least seems to profess an inability to
16  remember.  (*See, e.g.,* Deposition Tr. of Lynn Hubbard, April 25, 2006 ("Lynn Hubbard Tr."), at
17  11:8–22.) Defendant also points out that Plaintiffs have not designated any experts to testify regarding
18  their medical conditions, nor did they produce any documents nor respond to any interrogatories in a
19  manner suggesting they suffered discrimination because of any disability they had.  Defendants further
20  point out that the Plaintiffs admit they have memory lapses and frequently cannot remember significant
21  facts. (Barbara Hubbard Tr. at 31:16–32:9 (testifying that she sometimes suffers from severe memory
22  lapses); Lynn Hubbard Tr. at 19:4–7 (testifying that his poor memory prevented him from
23  remembering whether he wrote a letter to the management of Gas Depot).)

24      Plaintiffs have pointed to no legal authority showing that possession of a state-issued placard
25  identifying them as disabled supports a finding that they are disabled as a matter of law.  Plaintiffs
26  have cited an opinion from this District to which Defendants were not parties, and in which Plaintiffs
27  were found to be disabled, *Hubbard v. Rite Aid Corp.*, 433 F. Supp.2d 1150 (S.D.Cal. 2006).  This
28  citation presents two serious problems.  First, Plaintiffs do not show why the finding that case would

1  constitute admissible evidence that they are disabled.  Second, because Defendants were not parties

2  to that case, the finding there does not collaterally estop them from contesting Plaintiffs' disability.

3  In addition, the Court notes a number of areas of confusion regarding the nature of Plaintiffs'

4  alleged disabilities and the assistance they require; for example, while both Plaintiffs submitted

5  declarations stating that they are confined to wheelchairs, Lynn Hubbard mentioned using a scooter

6  or walking with a cane, and may have mentioned walking without a cane. (Lynn Hubbard Tr. at 21:

7  2–5 (testifying that he could not remember whether he walked, used his cane, or used "the cart" on his

8  June 6, 2004 visit to Gas Depot); 24:15–19 (testifying regarding use of a scooter and cane).)[1]

9  Plaintiffs' Motion asserts only that Plaintiffs need to use wheelchairs and a mobility-equipped vehicle

10  "at times." (Motion for Summ. J., at 1.)  Such areas of confusion cast some uncertainty on claims

11  regarding barriers such as the width of doors and aisles; and the height of gasoline pumps, counters

12  and tables.

13  The Court finds that Plaintiffs have submitted some evidence that they are disabled, but that

14  Defendants have pointed out significant discrepancies and evidentiary problems.  Plaintiffs have

15  submitted evidence that they suffer from a number of physical conditions, but they have not submitted

16  evidence compelling a finding as a matter of law that they are disabled in ways relevant to their claims.

17  Therefore, summary judgment for either party on this issue is inappropriate.

18  **C.   Whether Plaintiffs Suffered an Injury in Fact**

19  Because the Court cannot grant Plaintiffs' Motion for Summary Judgment as to the issue that

20  they are disabled, Plaintiffs' Motion for Summary Judgment as to this issue must also be denied.

21  As regards Defendants' Motion, the Court examines each Plaintiff's claims separately.  The

22  fact that Barbara Hubbard would never pump gas or do any maintenance on the vehicle regardless of

23  the presence or absence or any barriers means that her claims cannot extend to those accommodations.

24  Barbara Hubbard also testified that she did not attempt to access the facilities from the street, and at

25  her deposition did not know whether there was an exterior route of travel to the facilities from the

26  _____

27  [1] Although the Court does not rely on any of the findings or holdings of *Hubbard v. Rite-Aid*, the Court notes that the findings there mentioned both Plaintiffs using wheelchairs and scooters, Lynn

28  Hubbard walking unsteadily albeit unassisted, and Barbara Hubbard being videotaped without her knowledge while walking with a cane and leaning on a van for support. *Hubbard*, 433 F. Supp.2d at 1162.

1   property border.  (Barbara Hubbard Tr. at 38:16–23).  Therefore, she was not injured by this alleged

2   barrier, and is not deterred by it.

3         For these reasons, summary judgment for Defendants on Barbara Hubbard's claims is

4   appropriate with regard to the following barriers listed in Appendix A to the Complaint: 10 (relating

5   to exterior route of travel from the property border), 19–21 (relating to gasoline pumps), and 23–24

6   (relating to compressed air and water).  Similarly, because there is no evidence that Lynn Hubbard

7   suffers from hearing loss, summary judgment for Defendants is proper with regard to alleged barrier

8   14 (relating to the absence of volume control on the public telephone) also listed in Appendix A to the

9   Complaint.

10        Defendants contend that because Plaintiffs were not harmed nor were they prevented from

11  using Gas Depot's goods and services on their two visits there, Plaintiffs have not been injured.

12  Plaintiffs have submitted an architect's report regarding barriers at Gas Depot, and state that these

13  barriers are deterring them from visiting Gas Depot and making use of its goods and services.  Under

14  Title III of the ADA, a plaintiff has suffered an injury in fact if knowledge of barriers deters him or her

15  from using a public accommodation.  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th

16  Cir. 2002) (holding that "when a plaintiff who is disabled within the meaning of the ADA has actual

17  knowledge of illegal barriers at a public accommodation to which he or she desires access, that

18  plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual

19  injury. . . .")

20        Barbara Hubbard testified that she was deterred from getting out of the vehicle on her first visit

21  because of problems with the handicapped parking space and the path of travel.  She did get out on

22  her second visit, in order to buy tea.  While Lynn Hubbard testified that he was not injured during his

23  visits, it appears he was referring to physical injury, rather than legal injury.  Defendants cite no

24  authority regarding California's requirements regarding injury in fact.  By their terms, the California

25  statutes provide that relief may be granted in the event of discrimination because of disability, Cal.

26  Civ. Code § 52, or because a person is "aggrieved or potentially aggrieved" by a violation, Cal. Civ.

27  Code § 55, Cal. Health & Safety Code § 19953.  There is therefore no indication that Plaintiffs must

28  actually suffer harm in order to obtain relief under the relevant California statutes.  However, the

1  exceptions noted above regarding Barbara Hubbard's desire to pump gas or use compressed air or

2  water, and Lynn Hubbard's hearing, would prevent Plaintiffs from recovering on these claims.

3       Therefore, except as noted above, summary judgment for Defendants is inappropriate.

4       **D.**     **Whether Gas Depot is an Existing Facility**

5       Under both the ADA and California law, older facilities are exempt from certain requirements.

6  Defendants argue in support of their Motion that because Gas Depot was constructed prior to July 1,

7  1970, Plaintiffs' claim under the California Health & Safety Code must fail. Defendants also raise this

8  issue in their Opposition to Plaintiffs' Motion. Defendants have submitted evidence that construction

9  of the facility was completed on February 3, 1970. (Decl. of James Kahn in Support of Mot. for

10  Summ. J., filed May 22, 2006, at 174–75 (City of Chula Vista Notice of Completion).) Defendants

11  also contend that the facility has not been altered since its completion, and that Plaintiffs have

12  produced no evidence that alterations, structural repairs, or additions relevant to Plaintiffs' claims were

13  made to the facility after its completion. (*Id.* at 6.)

14       Defendants raise this issue in their Opposition to Plaintiffs' Motion and do not seek summary

15  judgment on this issue. Plaintiffs do not attempt to address this, and appear to concede that the facility

16  is an existing facility. Cal. Health & Safety Code § 19959 provides:

17       Every existing public accommodation constructed prior to July 1, 1970, which is
     not exempted by Section 19956, shall be subject to the requirements of this
18       chapter when any alterations, structural repairs or additions are made to such
     public accommodation. This requirement shall only apply to the area of specific
19       alteration, structural repair or addition and shall not be construed to mean that the
     entire building or facility is subject to this chapter.
20

21  Neither party addresses the burden of proof on this claim. However, in general under California

22  law, plaintiffs bear the burden of proving violations of health and safety statutes. *Baxter*

23  *Healthcare Corp. v. Denton*, 120 Cal.App.4th 333, 367 (Cal.App. 3 Dist. 2004). Because

24  Plaintiffs have failed to adduce evidence or address this point, the Court concludes that Defendants

25  are entitled to summary judgment on Plaintiffs' claims under the California Health & Safety Code.

26       Turning to Plaintiffs' ADA claims, the relevant date for determining whether a facility is an

27  "existing facility" is January 26, 1993. In enacting the ADA, Congress adopted two distinct

28  systems for regulating building accessibility: one to apply to existing facilities and another to apply

1    to later-constructed facilities.  42 U.S.C. §§ 12183(a)(1), 12182(b)(2)(A)(iv).  For reasons stated

2    above, the Court concludes that, with regard to the issue of whether Gas Depot is an existing

3    facility, this issue of material fact additionally prevents the Court from granting summary judgment

4    to Plaintiffs.

5           **E.**     **Whether Removal of Barriers Is "Readily Achievable"**

6          Under the ADA, existing facilities must remove barriers to accessibility only to the extent

7    that such removal is "readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  "Readily achievable"

8    is defined as "easily accomplishable and able to be carried out without much difficulty or

9    expense." 42 U.S.C. § 12181(9).  The ADA further sets out several factors to be considered in

10   determining whether removal of architectural barriers is readily achievable: (1) nature and cost of

11   the action; (2) overall financial resources of the facility or facilities involved; (3) number of

12   persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action

13   upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall

14   size of the business of a covered entity with respect to the number of its employees; (8) the

15   number, type, and location of its facilities; (9) type of operation or operations of the covered entity,

16   including composition, structure, and functions of the workforce of such entity; and (10)

17   geographic separateness, administrative or fiscal relationship of the facility or facilities in question

18   to the covered entity.  42 U.S.C. § 12181(9)(A)–(D).

19         Defendants raise this issue in their Opposition to Plaintiffs' Motion, and do not seek

20   summary judgment on it.  Plaintiffs bear the initial burden of producing evidence that a suggested

21   method of barrier removal is readily achievable, after which Defendants bear the burden of proving

22   that it is not.  *See Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I*,

23   264 F.3d 999, 1002 (10th Cir. 2001).  Determining whether removal of barriers is readily

24   achievable requires "a fact-intensive inquiry that will infrequently be decided on summary

25   judgment." *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp.2d 1357, 1371

26   (S.D.Fla. 2001).

27         Here, Defendants rely primarily on cost to argue that removal of the alleged barriers is not

28   readily achievable.  Plaintiffs have submitted what they identify as an expert report stating that the

total cost of removing the alleged barriers is $16,669; the total is not broken down to show the costs of individual projects. (Decl. of Reed Settle in Support of Mot. for Summ. J., at 4.) They have submitted a second declaration suggesting that this should be easily affordable to Defendants. (Decl. of Harold Littlejohn in Supp. of Mot. for Summ. J.) The latter declaration, however, draws on public records to estimate the value of Defendants' Roshan and Sheela Guptas' holdings, and frankly admits it is based on limited financial information. (*Id.* at 1.) Plaintiffs have objected that Defendants have failed to comply with requests for financial information. Defendants, on the other hand, argue that the declaration overestimates Defendants' holdings. They submit a declaration with attached financial statements showing that, while in 2003 and 2004 Gas Depot made modest profits of approximately $25,000 and $17,000 respectively, in 2005 it showed a loss of over $20,000. (Decl. of Roshan Gupta in Supp. of Mot. for Summ. J., App. A, B, & C.) The declaration concedes that Mr. Gupta owns an interest in some of the entities identified by Mr. Littlejohn, but denies that he owns any of their properties.

The Court concludes that Plaintiffs have submitted some evidence that removal of the alleged barriers is readily achievable, and that Defendants in turn have submitted evidence from which a jury could find that because of the cost it is not. The evidence regarding Defendants' assets and financial holdings is equivocal, however. A reasonably jury might accept Mr. Gupta's statements regarding ownership interest in other entities, but it might also agree with Mr. Littlejohn and infer from Defendants' failure to provide more detailed financial information that Defendants in fact have more financial resources than they are admitting.

The Court therefore concludes that this fact-intensive issue presents material questions of fact and renders summary judgment for Plaintiffs inappropriate.

### F. Whether the Alleged Barriers Constituted Barriers Under the ADA

Plaintiffs submit a declaration by an architect, whom they apparently intend to call as an expert witness, and who identifies certain features at Gas Depot as barriers. (Decl. of Reed Settle in Supp. of Mot. for Summ. J.) Defendants in turn have submitted a report from another architect who disagrees, and who declares that the alleged barriers are either compliant with existing statutes, or do not exist as reported, or are not in fact barriers. (Decl. of Bob Evans in Supp. of

04CV2591-LAB (POR)

1 | Mot. for Summ. J.)

2 |       Moreover, as discussed above, the precise nature of Plaintiffs' disability is unclear.

3 | Therefore, it is unclear which alleged barriers might be relevant to Plaintiffs' claims.

4 |       Plaintiffs have cited a number of cases for the proposition that architectural features in

5 | violation of the Americans with Disabilities Accessibility Guidelines ("ADAAG") are *per se*

6 | barriers under the ADA.  (Mot. for Summ. J. at 4.)  None of these cases, however, so holds.  In

7 | fact, each cited case that has reached the issue has held that, while the ADAAG are helpful in

8 | determining whether an architectural feature constitutes a barrier under the ADA, they are <u>not</u>

9 | dispositive. *See, e.g., Access Now*, 161 F. Supp.2d at 1368 (holding that, while the ADA does not

10 | require existing facilities to meet ADAAG requirements, the ADAAG standards "nevertheless

11 | provide 'valuable guidance' for determining whether an existing facility contains architectural

12 | barriers") (quoting *Pasuiti v. New York Yankees*, 87 F. Supp.2d 221, 226 (S.D.N.Y. 1999)); *Parr v.*

13 | *L & L Drive-Inn Restaurant*, 96 F. Supp.2d 1065, 1086 n.26 (D.Hawai'i, 2000) (acknowledging

14 | that not all violations of ADAAG standards merit injunctive relief under the ADA). *Cf. id.* at 1086

15 | (noting that the Department of Justice considers any element in an existing facility that does not

16 | meet or exceed ADAAG Standards to be a barrier to access) (quoting *Pascuiti*, 87 F. Supp.2d at

17 | 226).

18 |       Plaintiffs rely most heavily on an <u>unpublished</u> Ninth Circuit holding that a particular type

19 | of of violation of ADAAG standards — a lack of wheelchair-accessible showers in a hotel — also

20 | constituted a barrier under the ADA.  Plaintiffs misconstrue the holding of this case, which was

21 | based, not on the mere existence of the ADAAG guideline in question, but on the Ninth Circuit's

22 | analysis of the rationale underlying the ADAAG guideline.[2]

23 |       Because there are contested issues of fact, summary judgment on this issue is inappropriate.

24 | / / /

25 | / / /

26 |

27 |     [2] Ninth Circuit Rule 36-3 does not permit the citation to or by this Court of unpublished

28 | opinions.  This is not the only instance of such a citation by Plaintiffs.  The Court will not cite or rely on unpublished opinions except as provided under Rule 36-3, and Plaintiffs are admonished that they must obey the requirement of Rule 36-3 as long as it remains in effect.

      04CV2591-LAB (POR)

1    **G.    Whether Defendants Failed to Remove Barriers as Required**

2    As noted above, the Court is denying Plaintiffs' motion for summary judgment regarding

3    the existence of the barriers, and regarding whether removing them is "readily achievable."

4    Summary judgment is therefore inappropriate on this issue.

5    **H.    Whether Gas Depot Is a Place of Public Accommodation**

6    A "public accommodation" for ADA purposes is defined in 42 U.S.C. § 12181(7)(E) and

7    (F) as including retail establishments and gas stations, provided the entity in question affects

8    commerce, as defined in § 12181(1). Defendants do not contest that Gas Depot affects commerce

9    or is a "public accommodation." Summary judgment is therefore appropriate on this issue.

10

11   **I.    Whether Plaintiffs Are Deterred from Making Use of Gas Depot's Accommodations**

12   As noted above, Plaintiffs point to evidence that they know about certain barriers at Gas

13   Depot, and that their knowledge of those barriers deters them from patronizing Gas Depot. They

14   offer evidence that, if the alleged barriers were removed, they would patronize Gas Depot.

15   However, the Court has also concluded that summary judgment for Plaintiffs is inappropriate on

16   the issues of whether they are disabled, and whether there are barriers at Gas Depot.

17   Furthermore, Defendants point to evidence that neither Plaintiff identified any harm they

18   suffered as a result of their visits nor claimed to be unable to make use of Gas Depot's goods and

19   services. As discussed above, the Court has already concluded that Plaintiffs were not affected by,

20   or had no knowledge of, some of the alleged barriers, and therefore were not deterred by them.

21   Summary judgment is therefore inappropriate on this issue.

22   **III.    CONCLUSION AND ORDER**

23   For these reasons, Defendants' Motion for Summary Judgment on Plaintiffs' claims under

24   the California Health & Safety Code is **GRANTED**. Defendants' Motion for Summary Judgment

25   is **GRANTED** as to Barbara Hubbard's claims regarding the following alleged barriers listed in

26   Appendix A to the Complaint: 10 (relating to exterior route of travel from the property border),

27   19–21 (relating to gasoline pumps), and 23–24 (relating to compressed air and water). Defendants'

28   Motion for Summary Judgment is **GRANTED** as to Lynn Hubbard's claims regarding alleged

04CV2591-LAB (POR)

1   barrier 14 (relating to the absence of volume control on the public telephone), also listed in

2   Appendix A to the Complaint.  Plaintiffs' Motion for Summary Judgment on the issue of whether

3   Gas Depot is a public accommodation is **GRANTED**.

4         In all other respects, the parties Motions are **DENIED**.

5

6         **IT IS SO ORDERED**.

7   DATED: _____11-14-06_____

_____

8
9   **HONORABLE LARRY ALAN BURNS**
    United States District Judge

10  cc:      Magistrate Judge Louisa S. Porter
             All Counsel of Record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28